BEERY, Appellant,

v.

OHIO BOARD OF CHIROPRACTIC EXAMINERS et al., Appellees.

[Cite as *Beery v. Ohio Bd. of Chiropractic Examiners* (1990), 66 Ohio App.3d 206.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–860.

Decided Feb. 22, 1990.

---

*T. Garrett Ressing,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Laurel D. Blum,* for appellees.

McCORMAC, Judge.

Appellant, Ralph H. Beery, Jr., appeals from a judgment of the Franklin County Court of Common Pleas affirming appellee State Personnel Board of Review's order dismissing Beery's appeal for lack of jurisdiction. Beery appealed to the State Personnel Board of Review ("PBR") seeking a review of his employment termination from the State Board of Chiropractic Examiners ("board") as the board's executive secretary/administrator. The PBR adopted the recommendation of its hearing examiner and dismissed Beery's appeal, concluding that he was a member of the unclassified civil service; hence, the PBR was without jurisdiction to hear his appeal. While Beery has advanced no specific assignment of error, the issue presented by his appeal is whether he is a member of the classified or unclassified civil service. If the PBR is in error and he is a classified civil servant, then the PBR should have addressed the merits of his appeal.

Beery was originally appointed to the State Board of Chiropractic Examiners as a board member in 1975. Prior to the expiration of his final term in 1985, Beery was appointed by the board as its executive secretary, thereby serving two roles for the board. The executive secretary was a new position for the board and so, at the board's direction, Beery instituted correspondence with the Department of Administrative Services seeking classification of the new position. The position was ultimately created by the Department of Administrative Services but was classified as administrative staff and not as a board/commission secretary 2 as originally requested. A memo written by Norm Watson of the Personnel Division of the Department of Administrative Services, received by Beery, advised him of the decision. The last line of that memorandum reads:

"Since Board secretaries serve at the pleasure of the Board, your status would be unclassified (U)."

Beery was appointed the classification of administrative staff in the unclassified service at a salary of $19.13 per hour, effective September 1, 1985. His working title was executive secretary/administrator. He assumed his position without examination. He was placed in the administrative staff classification rather than board/commission secretary 2 so that the Board of Chiropractic Examiners would have more flexibility in setting his salary. In actuality, his salary was greater than he would have received in the other classification.

At the request of the board, Beery prepared a written position description which was submitted to the full board for its approval. The description was modified by the board prior to approval. The description ultimately adopted provided that the executive secretary/administrator was responsible for: di-

recting all board approved programs; hiring, firing, evaluating, and disciplining board staff members; preparation of the board bi-annual budget, as well as representing the board in budgetary hearings before the legislature; administrating board meetings, including preparation of the agenda; responding to correspondence directed to the board; preparing news releases and initiating investigations concerning violation of the laws of chiropractic in the state of Ohio; and determining which of those investigations should come before the board for official action.

In addition to the duties outlined in the job description, Beery testified that he was also responsible for other duties as part of his position. He certified the board's payroll as correct, signing the certification as the appointing authority. He represented the board in negotiations for space when the board relocated to the new state office tower. Beery signed and authorized all travel vouchers. He also was the board's designated representative in litigation matters.

Beery continued to serve as the board's executive secretary/administrator until the board voted in September 1986 to remove him from his position ninety days hence. The specific procedural mandates of R.C. 124.34 were not followed since the board believed that Beery was an unclassified employee. The termination prompted two appeals by Beery which were consolidated resulting in the PBR's decision dismissing Beery's appeals for lack of jurisdiction.

The PBR found that Beery was in the unclassified civil service pursuant to R.C. 124.11(A)(9). In pertinent part, R.C. 124.11(A)(9) provides:

"The deputies and assistants of elective or principal executive officers authorized to act for and in the place of their principals, or holding a fiduciary relation to such principals and those persons employed by and directly responsible to elected county officials and holding a fiduciary or administrative relationship to such elected county officials, and the employees of such county officials whose fitness would be impracticable to determine by competitive examination * * *."

R.C. 124.11(A)(9) specifies two types of relationships which allow exemption from classified civil service. One such exemption is administrative and the other is fiduciary. *State, ex rel. Charlton, v. Corrigan* (1988), 36 Ohio St.3d 68, 521 N.E.2d 804. In this case, the first clause of R.C. 124.-11(A)(9) is applicable since we are not dealing with county officials. Thus, those persons holding a fiduciary relationship to the board, or authorized to act for it, may be exempted from civil service requirements.

In addressing the issue of fiduciary relationships, the Supreme Court has held:

"In determining whether a fiduciary relationship exists between a public official and his appointed employees pursuant to R.C. 124.11(A)(9), which would exempt such employees from civil service status, emphasis should be placed upon whether the assigned job duties require, as essential qualifications over and above technical competency requirements, a high degree of trust, confidence, reliance, integrity and fidelity." *Charlton, supra,* at syllabus.

■ The employee charged with this special position of trust attains a position of superiority or influence, performs discretionary duties beyond the mere routine, and functions in a capacity not expected of the ordinary employee. *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355.

■ As the board's executive secretary/administrator, Beery performed in a fiduciary capacity for the board. He was responsible for hiring, firing, and generally managing the board's office staff. He instituted and screened disciplinary cases to be brought before the board. He set the board's agenda, thereby establishing in a large measure how the board would work. These examples, as well as others, indicate that Beery was placed in the special position of trust by the board, and, as such, enjoyed a fiduciary relationship with the board.

Beery also acted for and in the place of the board on numerous occasions. He represented the board in budgetary matters before the legislature. He represented the board in negotiating office space and was deposed as the board's representative in a legal matter. Therefore, Beery also fits the first factor enumerated in R.C. 124.11(A)(9), in that he was authorized to act for and in the place of his principal, as well as holding a fiduciary position.

■ Aside from meeting the requirements of R.C. 124.11(A)(9), it could also be argued that Beery is estopped from asserting the rights of a classified employee. He was at least partly responsible for the creation of his position. He was informed from the beginning that he was an unclassified employee. He never took the civil service examination and reaped the financial rewards of a higher salary than a comparable classified employee would have earned. Beery cannot now claim the protections of a classified civil service employee when he accepted the benefits of an unclassified employee during his entire tenure of employment. See *Franklin Cty. Court of Common Pleas v. Walker* (Feb. 6, 1979), Franklin App. No. 78AP–486, unreported.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and GOLDSBERRY, JJ., concur.

L. ALAN GOLDSBERRY, J., of the Athens County Court of Common Pleas, sitting by assignment.