DAYTON SECURITIES ASSOCIATES et al., Appellees,

v.

AVUTU et al., Appellants.

DAYTON SECURITIES ASSOCIATES et al., Appellants,

v.

AVUTU et al., Appellees.

[Cite as *Dayton Securities Assoc. v. Avutu* (1995), 105 Ohio App.3d 559.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 14915, 14972.

Decided Aug. 2, 1995.

*John T. Ducker*, for Dayton Securities Associates and Dayton Monetary Associates.

*Jack E. Gallon,* for Avutu et al.

_____

GRADY, Judge.

Plaintiffs, Dayton Securities Associates and Dayton Monetary Associates, are Ohio general partnerships. Defendants, Avutu et al., are nineteen individual members of those partnerships. Plaintiffs brought this action to recover monies which they contend the defendants were obligated to pay under the partnership agreement, but failed to pay.

The obligations concerned arose from "capital calls" that the partnerships made on their partners, and which under the partnership agreement each partner was obligated to pay. The defendants apparently refused to pay the amounts called because the purpose of the partnerships, a complex scheme for tax avoidance, had been disapproved by the Internal Revenue Service and because the primary purpose of the calls was to pay litigation costs in the dispute with IRS, not for the partnership investments contemplated. The amounts needed were actually paid by other partners, who answered the capital calls and paid more than their proportionate shares in order to cover the amounts which these defendant partners failed to pay.

Trial of the claims of the plaintiff partnerships was to the court, which granted judgment for the plaintiff partnerships against each defendant partner for the unpaid amounts due by each to meet their capital calls. Subsequently, the plaintiff partnerships moved for prejudgment interest. The motion was denied.

The matter currently before this court consolidates two appeals. Case No. CA 14915 is an appeal by the defendant partners, who contend that the plaintiff partnerships were barred from enforcing these claims because the partnerships had failed to file a certificate required by law and that the trial court erred when it employed the doctrine of equitable estoppel to permit the plaintiffs to avoid that bar. Case No. CA 14972 is an appeal by the plaintiff partnerships, which argue that the trial court erred when it denied their request for prejudgment interest. For the reasons discussed below, we find that the trial court erred when it estopped the defendants from interposing their affirmative defense and, further, that the defendant partners are entitled to a judgment on the plaintiffs' claims.

## I

The defendant partners present two assignments of error.

First Assignment of Error

"Defendant-appellants in this matter, assign as error, the trial court's refusal to bar plaintiffs' recovery due to their non-compliance with Ohio Revised Code Section 1777.02."

Second Assignment of Error

"Defendant-appellants assign as error, the trial court's application of equitable estoppel to the defense of non-compliance with Ohio Revised Code 1777.02."

R.C. 1777.02 states in relevant part:

"[E]very partnership transacting business in this state under a fictitious name, or under a designation not showing the names of the persons interested as partners in the partnership, shall file for record, with the county recorder of the county in which its principal office or place of business is situated and of each county in which it owns real property, a certificate to be recorded and indexed by the recorder, stating the names in full of all the members of the partnership and their places of residence."

R.C. 1777.04 states in relevant part:

"No persons doing business as partners contrary to sections 1777.02, 1777.03, and 1777.05 of the Revised Code shall commence or maintain an action on or on account of any contracts made or transactions had in their partnership name in any court of this state until they first file the certificate required by such sections."

It is undisputed that the plaintiff partnerships failed to file the certificates as required by R.C. 1777.02. The issue presented is whether the statutory bar created by R.C. 1777.04 extends to actions against individual partners or whether, as the plaintiffs contend, it bars only actions against third persons, *i.e.*, those outside the partnership agreement.

Guidance in answering this question has been given by the Supreme Court, which stated in *Sears v. Weimer* (1944), 143 Ohio St. 312, 28 O.O. 270, 55 N.E.2d 413, at paragraph five of the syllabus:

"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." See, also, *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 14 O.O.3d 212, 396 N.E.2d 770.

In reviewing R.C. 1777.04, we find it to be clear and unambiguous. Contrary to the position of the plaintiffs, we do not find that the statute precludes only actions brought by a partnership against third persons. By its express terms, R.C. 1777.04 precludes actions against anyone until the required certificates are filed. To adopt the position plaintiffs argue would require us to read into the

statute an exception to the statute which the legislature has not made, and this court cannot do so.

▮ Though the trial court refused to apply the statutory bar provided by R.C. 1777.04, it did apply the equitable doctrine of estoppel to preclude the defendant partners from interposing that bar as a defense. The trial court found that the defendants had accepted benefits from the partnerships with full knowledge of the facts and of their rights, and it held that the defendants were therefore estopped to deny the obligations which the plaintiff partnerships sought to enforce in these actions.

The Ohio Supreme Court has stated that "no single formulation of the doctrine of estoppel is applicable to every situation. In applying the doctrine, each case must be considered on its own merits." *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 179, 25 OBR 243, 245, 495 N.E.2d 904, 907. The doctrine of estoppel should be applied so as to promote the ends of justice. *Lex Mayers Chevrolet Co., Inc. v. Buckeye Fin. Co.* (1958), 107 Ohio App. 235, 237, 8 O.O.2d 171, 172, 153 N.E.2d 454, 456, affirmed (1959), 169 Ohio St. 181, 8 O.O.2d 154, 158 N.E.2d 360.

Courts have recognized that a party who accepts the benefits of a contract or transaction will be estopped to deny the obligations imposed on it by that same contract or transaction. See, *e.g., London & Lancashire Indemn. Co. of Am. v. Fairbanks Steam Shovel Co.* (1925), 112 Ohio St. 136, 145–146, 147 N.E. 329, 332 (defendant estopped to raise question as to whether a contract was *ultra vires* when the contract had been fully performed and the defendant had received the benefits of the contract); *Beery v. Ohio Bd. of Chiropractic Examiners* (1990), 66 Ohio App.3d 206, 210, 583 N.E.2d 1083, 1085 (employee estopped to assert rights of a classified civil service employee after having accepted the benefits of an unclassified employee during tenure of employment, including higher salary); *Rayl v. E. Ohio Gas Co.* (1975), 46 Ohio App.2d 175, 178–179, 75 O.O.2d 306, 307– 308, 348 N.E.2d 390, 392–393 (acceptance of benefits under an oil and gas lease agreement estopped plaintiffs from terminating the agreement because in accepting the benefits they acted in a manner inconsistent with the attempted termination of the agreement); *Mahoning Cty. Commrs. v. Youngstown* (App.1946), 49 Ohio Law Abs. 186, 192, 75 N.E.2d 724, 728 (city estopped to deny validity of water contracts after having received the benefits of such contracts over a long period of years).

▮ For an estoppel by acceptance of benefits to arise, the party accepting such benefits must do so with full knowledge of the facts and of his rights. *Brown v. Logan Clay Products Co.* (App.1929), 7 Ohio Law Abs. 515; see, also, 42 Ohio Jurisprudence 3d (1983), Estoppel and Waiver, Section 50. The Ohio

Supreme Court has also noted that in the "acceptance of benefits" situation, it may be more precise to refer to the doctrine as a "quasi estoppel," and that in such situations strict adherence to some of the elements of technical estoppel, such as knowledge and reliance, may not be required for the doctrine to be invoked. *Hampshire Cty. Trust Co. of N. Hampton, Mass. v. Stevenson* (1926), 114 Ohio St. 1, 13–17, 150 N.E. 726, 729–731.

The trial court found that the defendants accepted benefits from their membership in the partnerships, and there is evidence in the record to support that finding. Indeed, there is evidence indicating that the defendants received benefits which resulted directly from the activities of legal counsel and from the litigation in which the partnerships were involved. It is the very cost of these activities which occasioned the contested capital calls. There is no evidence in the record which would suggest that the defendants sought to reject benefits on the ground that the partnerships had been operating without having complied with the statutory filing requirement, nor is there any evidence suggesting that the defendants have sought to restore to the partnerships the benefits the defendants received from them.

The trial court also found that the defendants accepted these benefits with full knowledge of the facts and their rights. The trial court found that the defendants were knowledgeable, intelligent persons who were familiar with the risks involved in these investments and who had been sufficiently informed about the nature of their investments in the partnerships.

We are bound by the trial court's findings, and we may not disturb them so long as they are supported by some competent, credible evidence, as the foregoing findings are. Nevertheless, we believe that the trial court erred in applying the doctrine of estoppel as it did.

Estoppel arises only where there is prejudice, whether the estoppel is based on words, silence, or acceptance of benefits. Thus, the party who seeks to invoke the doctrine must demonstrate that he will suffer an injury or detriment if the estoppel is not granted because he has been misled or induced to alter his position or status in such a way that he will be injured if the other person is not held to the representation or attitude on which the estoppel is predicated. 28 American Jurisprudence 2d (1966), Estoppel and Waiver, Section 78.

The acceptance by the defendant partners of the benefits to which they were entitled under the partnership agreement may have represented, if only by implication, that they were prepared to meet any obligations imposed on them by that agreement. Their subsequent refusals to meet the partnership capital calls and attempts to interpose the R.C. 1777.04 bar in this action are contrary to that notion. However, there is no evidence that the plaintiff partnerships were misled

to their detriment or induced to alter their positions by reason of the defendants' acceptance of benefits. There is certainly no evidence that the plaintiffs ignored or failed to satisfy the filing requirements of R.C. 1777.02 as a result. Absent that nexus, estoppel cannot apply.

In reversing the order of the trial court we are not unmindful of the remedies yet available to the contributing partners. They may bring actions against the defendants for contribution. Also, as the filing defects are curable under the terms of R.C. 1777.04, and may already have been cured, after the proper certificates are filed the plaintiff partnerships may file another action which, because it does not involve the same issue on which this action was determined, is not barred by the doctrine of *res judicata*.

Defendants' assignments of error are sustained.

## II

In case No. CA 14972, the sole assignment of error presented by plaintiffs is as follows:

"Plaintiffs-appellants assign as error the trial court's refusal to grant plaintiffs prejudgment interest on their nine capital calls made from November 1, 1985 through August 11, 1992 against those general partners who failed to pay their share of the calls."

This assignment of error is rendered moot as to the judgment appealed from by reason of our determination of defendants' second assignment of error. However, and because a new action may be filed, we will address it in the interest of judicial economy.

The parties agree that the statute governing plaintiffs' request for prejudgment interest in these actions is R.C. 1343.03(A). That section states:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

This court has previously set forth the applicable law regarding claims for prejudgment interest under R.C. 1343.03(A). In *McLin v. Leigh* (1991), 74 Ohio App.3d 127, 134, 598 N.E.2d 731, 736, we stated:

"Whether a party is entitled to prejudgment interest depends upon whether the underlying debt is liquidated. *Nursing Staff v. Sherman* (1984), 13 Ohio App.3d 328, 330, 13 OBR 406, 409, 469 N.E.2d 1031, 1034. A debt is liquidated if the amount due is certain and ascertainable. *Mahon–Evans Realty, Inc. v. Spike* (1986), 33 Ohio App.3d 268, 271, 515 N.E.2d 953, 956. Where the dispute is over liability itself but the amount due is not in dispute or it is easily ascertainable, then the running of prejudgment interest is not delayed because the debtor denies owing the debt, and thus the interest accrues as of the date the debt became due and payable. *Braverman v. Spriggs* (1980), 68 Ohio App.2d 58, 60, 22 O.O.3d 47, 48, 426 N.E.2d 526, 527. Once the debt is determined to be liquidated, R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law. *Testa v. Roberts* (1988), 44 Ohio App.3d 161, 168, 542 N.E.2d 654, 662."

The trial court found that the issue as to whether the defendants were liable for the capital calls was in dispute, but that there was no dispute between the parties as to the amounts of the calls. Plaintiffs argue that the damages were thus liquidated damages and that the trial court was required to award prejudgment interest pursuant to R.C. 1343.03(A). In response, defendants have not contended that the amount of the capital calls were in dispute, but instead argue that the decision to award prejudgment interest is discretionary with the trial court and that the trial court did not abuse its discretion in refusing to grant prejudgment interest to the plaintiffs.

We do not agree that the trial court acted within its discretion when it denied prejudgment interest, as R.C. 1343.03(A) reposes no discretion in the trial court in this circumstance. The amounts due were never in question, only whether they were due at all. When the liability issue was determined in the plaintiffs' favor, they were then *entitled* to prejudgment interest pursuant to the statute. The trial court erred when it denied the plaintiffs' motion for that relief.

### III

### Conclusion

Having sustained the defendants' assignments of error in CA 14915, the judgment of the trial court is reversed and judgment is entered for the defendants on the claims for relief of plaintiffs Dayton Securities Associates and

Dayton Monetary Associates because their action herein is barred by R.C. 1777.04.

*Judgment accordingly.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.