I concur in the ultimate decision reached by the majority in this case but write separately to clarify my position regarding Rheinschmidt's first assignment of error and B B's first assignment of error.
Even though I would tend to disagree with the finding enunciated by the majority under Rheinschmidt's first assignment of error, I will nonetheless concur in the result. I do so because regardless of whether judgment inures to the benefit of both Frenchtown and Cafaro or Frenchtown alone, the judgment amount itself stands as rendered by the trial court. Furthermore, as the majority acknowledges, both Cafaro and Frenchtown reached a settlement of all claims with B B and assigned to B B all rights against Rheinschmidt. Therefore, the judgment amount as awarded by the trial court will ultimately inure to the benefit of B B, in place of Cafaro and Frenchtown, as against Rheinschmidt.
Concerning B B's first assignment of error, I would agree with the finding reached by the majority, particularly in light of the fact that this court has previously addressed the issue of prejudgment interest in such cases as Meadowbrook Mall Co.v. Rainbow USA, Inc. (Dec. 30, 1997), Mahoning App. No. 96-C.A.-157, unreported and Huntington Mall Co. v. Rainbow USA,Inc. (Apr. 30, 1998), Mahoning App. No. 96-C.A.-105, unreported. In those cases we found that under the terms of a lease, the appellant was entitled to interest at the contractual rate on any unpaid amounts due under the lease from the due date until the date of payment and if any part of the unpaid amount due under the lease included interest, the appellant was entitled to interest on that amount as a matter of contract. Meadowbrook Mall Co., supra and Huntington MallCo., supra. Although not factually on point with the case at bar, these cases are analogous to and provide guidance in this matter. Additionally, in Meadowbrook Mall Co., we cited toDayton Securities Assoc. v. AVUTU (1995), 105 Ohio App.3d 559
in providing that R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to the trial court to deny such interest. Accordingly, I would remand the case sub judice to the trial court for a hearing on the issue of prejudgment interest.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE