OPINION *Page 2 
{¶ 1} Defendant-appellant/Cross-appellee Mark Otto ("Appellant") appeals the April 26, 2006 Judgment Entry of the Stark County Court of Common Pleas entering judgment in favor of Plaintiffs-appellees/Cross-appellants Richard Meadows and Nancy Shuter ("Appellees"). Plaintiffs-appellees/Cross-appellants appeal that portion of the April 26, 2006 Judgment Entry denying their motion for punitive damages and attorney fees.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following evidence was adduced at trial:
 {¶ 3} In May, 2005, Appellees purchased and took possession of a building owned by Appellant. The real estate contract executed by the parties indicates the property was sold "as is." The contract further provides Appellees waived a septic inspection, radon inspection and well inspection of the property.
 {¶ 4} Shortly after moving into the building, Appellees noticed water coming into the basement. In August, 2005, Appellees took photographs of the water located directly under the main water line. They also noticed black mold and water stains, which were not apparent prior to their moving into the property.
 {¶ 5} Appellant, a licensed real estate agent and auctioneer, owned, but did not occupy, the building for ten years. He told Appellees he previously discovered water in the basement, but believed the problems had been repaired. Appellant did not reveal any further problems on the residential disclosure form.
 {¶ 6} Appellees visited the building on three occasions prior to purchasing the property, and did not see evidence of a water problem. In addition, Appellees paid for a *Page 3 
home inspection of the premises, which revealed fresh paint everywhere, but nothing to indicate any significant issue.
 {¶ 7} Prior to the transfer of the property in the case sub judice, Beverly Crumbley purchased the house on land contract from Appellant, and lived in the home for two and half years, moving out in December, 2004. She testified at trial relative to problems with water in the basement, and her conversations with Appellant relative thereto.
 {¶ 8} The cost Appellees incurred in repairing the water problem totaled $27,547.20
 {¶ 9} This action commenced on August 2, 2005. The matter proceeded to a bench trial on March 23, 2006. Via Judgment Entry of April 26, 2006, the trial court rendered judgment in favor of Appellees in the amount of $12,000 plus costs. The trial court denied Appellees' motion for punitive damages and attorney fees.
 {¶ 10} On appeal, Appellant assigns as error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN FINDING THAT THE PAINTING OF WALLS IS PER SE CONCEALMENT.
 {¶ 12} "II. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLEE HAD NO DUTY TO INSPECT.
 {¶ 13} "III. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S STATUS AS A NON-OCCUPANT IMPOSES A DIFFERENT DUTY OF DISCLOSURE THAN THAT OF AN OCCUPENT [SIC].
 {¶ 14} "IV. THE TRIAL COURT ERRED IN FINDING THAT THE "AS IS" CLAUSE DID NOT RELIEVE THE APPELLANT OF LIABILITY." *Page 4 
 {¶ 15} Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 16} First, Appellant argues the trial court erred in finding the painting of the walls "per se concealment." However, the trial court does not make such a finding in its Judgment Entry. Rather, the trial court properly considered the fresh paint as evidence of concealment. The April 26, 2006 Judgment Entry states:
 {¶ 17} "I find the evidence of water drainage depicted in Plaintiffs' photographs one, two, three, four, seven, eight and nine, and the testimony of the Plaintiffs' witnesses clearly demonstrate that such damage could not have occurred over a mere two or three months. I find the Defendant's act of painting the walls was an acknowledgment that such evidence was there and further evidence that the Defendant attempted to conceal such evidence from the Plaintiffs."
 {¶ 18} Upon review of the record, the evidence introduced at trial indicates the areas in question had been freshly painted by as many as three to five individuals, three to five times. Accordingly, we do not find the trial court abused its discretion in considering the fresh paint as evidence in rendering its findings of fact.
 {¶ 19} Appellant further asserts the trial court erred in finding Appellees did not have a duty to inspect the premises. The April 26, 2006 Judgment Entry states:
 {¶ 20} "There is no duty to inspect the premises. There is no case law cited by either party nor none that I have found which places such a duty on the Plaintiff to the extent that failure to obtain the inspection relieves the Defendant of liability. There is no language in either the Purchase Agreement or the Disclosure Form which imposes such a duty on the Plaintiffs." *Page 5 
 {¶ 21} Initially, we note the evidence introduced at trial suggests Appellees did conduct an inspection of the property. Further, the trial court properly found there was no duty to inspect (as opposed to opportunity), but merely discussed the legal ramifications of a party's decision not to do so.
 {¶ 22} Appellant asserts the trial court improperly imposed a different duty on him to disclose evidence of the water problem, because he was a non-occupant owner. We disagree.
 {¶ 23} The trial court's Judgment Entry states:
 {¶ 24} "I find that while the Defendant concealed water damage, there is insufficient evidence to establish that he was aware of the extent of the seriousness of the leak and its consequences. I note the testimony of the Defense witnesses and further note that the sale of this residence occurred over the winter months when drainage was precluded by frozen ground. I find that actual malice, necessary for an award of punitive damages, requires that state of mind under which a person's conduct is characterized by hatred, ill will or spirit of revenge; or two, a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm. I find that this test was not met based upon the evidence presented."
 {¶ 25} In Nichols v. Petroff (Feb. 7, 2005), Stark App. No. 2004CA271, this Court held:
 {¶ 26} "The doctrine of caveat emptor `precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the *Page 6 
part of the vendor.* * * ` Layman v. Binns (1998), 35 Ohio St.3d 176,519 N.E.2d 642, syllabus. A seller `has a duty to disclose material facts which are latent, not readily observable or discoverable through a purchaser's reasonable inspection.' Id. at 178, 519 N.E.2d 642, citingMiles v. McSwegin (1979), 58 Ohio St.2d 97, 388 N.E.2d 1367. Fraudulent concealment occurs `where a lessor or vendor fails to reveal to a lessee or vendee sources of peril of which he is aware and which are not discoverable by the lessee or vendee.' Klott v. Associates RealEstate (1974), 41 Ohio App.2d 118, 121, 322 N.E.2d 690."
 {¶ 27} We do not find the trial court imposed a different standard to Appellant's status as a non-occupant owner. The trial court specifically found Appellant concealed the water damage, evidenced by the painting of the walls.
 {¶ 28} Based upon the above, Appellant's assigned errors are overruled.
 {¶ 29} On cross-appeal, Appellees assert:
 {¶ 30} "I. THE TRIAL COURT'S FAILURE TO AWARD PUNITIVE DAMAGES AND ATTORNEY'S FEES TO THE APPELLEES/CROSS-APPELLANTS CONSTITUTES REVERSIBLE ERROR."
 {¶ 31} Appellees argue Appellant engaged in fraudulent conduct and active concealment; therefore, the trial court should have awarded Appellees punitive damages and attorney fees.
 {¶ 32} The decision whether to award punitive damages is within the trial court's discretion and, absent an abuse of discretion; the court's ruling will be upheld. Ohio law provides that an award of punitive damages is available only upon a finding of actual malice. Berge v.Columbus Community Cable Access (1999), 136 Ohio App.3d 281, *Page 7 
316, 736 N.E.2d 517. The "actual malice" necessary for purposes of an award of punitive damages has been defined as "`(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.' Id., quoting Preston v. Murty (1987),32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus."
 {¶ 33} The burden of establishing the amount and basis for an award of attorney fees rests with the party claiming entitlement to the fees.Adams v. Fleck (1961), 171 Ohio St. 451.
 {¶ 34} In its decision, the trial court concluded punitive damages and attorney fees were not warranted in this case. Upon review, we find the trial court did not abuse its discretion in so ordering. The trial court made a specific finding on the record there was insufficient evidence to establish Appellant was aware of the extent of the seriousness of the leak and its consequences. The trial court further found:
 {¶ 35} "I find that actual malice, necessary for an award of punitive damages, requires that state of mind under which a person's conduct is characterized by hatred, ill will or spirit of revenge; or two, a conscious disregard for the rights and safety of others that has a great probability of causing substantial harm. I find that this test was not met based upon the evidence presented.
 {¶ 36} "* * *
 {¶ 37} "I find the Plaintiff failed to prove his punitive damage claim and his entitlement to attorney fees." *Page 8 
 {¶ 38} We do no find the trial court abused its discretion in denying punitive damages and attorney fees. The cross-assignment of error is overruled.
 {¶ 39} The April 26, 2006 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
 Costs to appellant Hoffman, P.J. Farmer, J. and Edwards, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1