DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Maumee Municipal Court, in which the trial court granted judgment to appellant, Painters Supply Equipment Company, and ordered appellee, Wayne Wagner, to pay appellant $2,228.95, plus eight percent interest, on an unpaid account. On appeal, appellant sets forth the following two assignments of error: *Page 2 
 {¶ 2} "The Maumee Municipal Court erred as a matter of law to the prejudice of appellant by failing to award interest at the contract rate of eighteen percent (18%) per annum from the date when money became due and payable on a book account. * * *.
 {¶ 3} "The Maumee Municipal Court erred as a matter of law to the prejudice of appellant by failing to award attorney fees as provided by the written contract (credit application and terms of personal guaranty) where the complaint prayed for attorney fees and the motion for default judgment was supported by affidavit attesting to the amount of attorney fees plaintiff incurred in prosecuting this case. * * *."
 {¶ 4} The undisputed, relevant facts are as follows. This case arose as an action to collect a debt owed by appellee to appellant, for painting supplies purchased by appellee. When appellee failed to timely settle the outstanding account, it was assigned by appellant to a collection agency, and then to an attorney.
 {¶ 5} On July 13, 2007, a complaint was filed in the trial court, in which appellant alleged that appellee owed $2,228.95 for painting supplies purchased from appellant. In addition to seeking payment for the supplies, appellant asked the trial court to order appellee to pay interest on the unpaid account at the contractual rate of 18 percent, plus reasonable collection expenses and attorney fees incurred in collecting the debt. Attached to the complaint was a copy of appellee's credit application, a confirming letter from appellant stating that a credit account was established in appellee's name, and records substantiating the amount of appellee's unpaid account balance. *Page 3 
 {¶ 6} Appellee did not file an answer. On August 16, 2007, appellant filed a motion for default judgment. On August 27, 2007, the trial court issued a default judgment entry, in which it found that appellee owed appellant $2,228.95 on the unpaid account, and awarded judgment to appellant in that amount, plus the costs of collection. The trial also ordered appellee to pay pre-judgment and post-judgment interest to appellant at the statutory rate of eight percent. The trial court did not grant appellant's request for attorney fees.
 {¶ 7} On September 5, 2007, appellant filed a "Motion to correct interest to contract rate and to award attorney fees." In support of its motion, appellant stated that, pursuant to the terms of its contract with appellee, it is entitled to interest at the rate of 18 percent per annum, along with costs and attorney fees incurred in collecting the debt.
 {¶ 8} On September 24, 2007, the trial court denied appellant's motion. A timely notice of appeal was filed on September 25, 2007.
 {¶ 9} In its first assignment of error, appellant asserts that that trial court erred as a matter of law by ordering appellee to pay interest at the statutory rate of eight percent. In support, appellant argues that it is entitled to receive the "contractual rate" of 18 percent interest.
 {¶ 10} The awarding of pre-judgment and post-judgment interest in a breach of contract action is governed by R.C. 1343.03(A), which states, in pertinent part, that:
 {¶ 11} "In cases other than those provided for in sections 1343.01 and1343.02 of the Revised Code, when money becomes due and payable upon * * * all judgments, *Page 4 
decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47[1] of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract. * * *."
 {¶ 12} An award of pre-judgment interest "is based on the premise that a party to a contract should not retain the use of money owed under a contract when that amount is due and payable to the other contracting party." Core Funding Group, LLC v. McDonald, 6th Dist. No. L-05-1291,2006-Ohio-1625, ¶ 21, citing Kott Enterprises, LTD v. Brady, 6th Dist. No. L-03-1343, 2004-Ohio-7160, ¶ 72. (Other citations omitted.) "[W]hile the factual determination over when the [pre-judgment] interest is to accrue may be discretionary, the award of the interest is not." KottEnterprises, LTD, supra, ¶ 73. Similarly, "R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to the trial court to deny such interest." Cafaro Northwest Partnership v. White (1997),124 Ohio App.3d 605, 608, citing Dayton Securities Assoc. v. Avutu (1995),105 Ohio App.3d 559, 566. In cases where an interest rate is stipulated by contract, the "statutory interest rate * * * is that which is stated in the contract." Id. *Page 5 
 {¶ 13} The record shows that appellant's motion for default judgment was accompanied by a copy of an application for business credit executed by appellee. The application stated that "monthly finance charges at the rate of 1.5% will be charged for any unpaid amount(s) beyond 30 days from specified times. In the event that the account is placed with a third party for collection, I/We agree to pay all costs including reasonable attorney fees, court costs and finance charges." The application was not counter-signed by appellant's representative. However, also attached to the motion was a copy of a credit acceptance letter, sent to appellee by appellant's credit manager, Carl Ringstad, on May 24, 2006, in which Ringstad stated that: "Our terms are Net10th. Any invoices not paid in full by the end of the following month are subject to a 1 1/2% per month service charge." (Emphasis original.) Finally, the record contains a copy of appellee's statement of account which shows that, as of December 29, 2006, he owed appellant $2,228.95. The statement, application and acceptance letter were authenticated by Ringstad in an accompanying affidavit.
 {¶ 14} This court has reviewed the entire record that was before the trial court and, upon consideration thereof, finds that appellant is contractually entitled to pre-judgment and post-judgment interest at the contractual rate of 18 percent per annum, from December 31, 2006, until fully paid. Accordingly, the trial court erred by limiting the rate of such interest to eight percent. Appellant's first assignment of error is well-taken.
 {¶ 15} In his second assignment of error, appellant asserts that the trial court erred by denying its request for attorney fees. In support, appellant argues that appellee *Page 6 
contractually agreed to pay reasonable attorney fees as a condition of obtaining credit from appellant.
 {¶ 16} Generally, Ohio courts follow the "American Rule," under which attorney fees are not recoverable "in the absence of a statute or enforceable contract providing therefor." Nottingdale Homeowners' Assoc.v. Darby (1987), 33 Ohio St.3d 32, 34. However, "if the parties provide for the award of such fees the court will award a sum that it considers to be reasonable." Id.; Camp-Out, Inc. v. Adkins, 6th Dist. No. WD-06-057, 2007-Ohio-3946, ¶ 28. Ultimately, "[t]he burden of establishing the amount and basis for an award of attorney fees rests with the party claiming entitlement to the fees." Meadows v. Otto, 5th Dist. No. 2006CA00138, 2007-Ohio-4031, ¶ 33, citing Adams v. Fleck
(1961), 171 Ohio St. 451. Once an entitlement to attorney fees is established, the trial court's award of such fees will not be reversed on appeal absent an abuse of discretion. Yoder v. Hurst, 10th Dist. No. 07AP-121, 2007-Ohio-4861, ¶ 21, citing Dehoff v. Veterinary Hosp.Operations of Cent. Ohio, Inc., 10th Dist. No. 02AP-454, 2003-Ohio-3334. (Other citation omitted.)
 {¶ 17} As set forth above, it is undisputed that the business credit application signed by appellee stated that, in the event of default, appellee agreed to pay interest, "reasonable attorney fees," and costs incurred by appellant in collecting the debt. Accordingly, the record contains evidence of a contractual agreement for the payment of reasonable attorney fees, and the trial court erred by refusing appellee's request for payment of those fees. Appellant's second assignment of error is well-taken. *Page 7 
 {¶ 18} The judgment of the Maumee Municipal Court is hereby reversed. The case is remanded to the trial court for proceedings consistent with this decision and judgment entry, including a determination as to the amount of reasonable attorney fees which appellant is entitled to receive from appellee.
 {¶ 19} Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR.
[1] It is undisputed that, in this case, the applicable statutory interest rate is eight percent per annum. *Page 1