[Cite as *Ronald J. Solomon, D.D.S., Inc. v. Davisson*, 2018-Ohio-2011.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RONALD J. SOLOMON, D.D.S., INC., d.b.a. CORNERSTONE DENTAL GROUP, | : | APPEAL NO. C-170403 TRIAL NO. 17CV-02674 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | | |
| BETHANY DAVISSON, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal: May 23, 2018

*Karen Comisar Prescott*, for Plaintiff-Appellant,

*Bethany Davisson*, pro se.

**ZAYAS, Judge.**

### Background

{¶1}   Defendant-appellee Bethany Davisson went to Ronald J. Solomon, D.D.S., to have dental work performed. She signed a "Financial Responsibility Agreement," which explained "that all fees are due and payable at the time the services are rendered unless prior financial arrangements have been made." In bold print, the next paragraph states "I further understand that a late charge of 1 ½% (18 APR) may be added to my account after sixty (60) days." Solomon performed several procedures over three days in late January of 2016. After Davisson's insurance paid a share of the charges, $1569 was still owed on her account. Davisson did not pay the remainder because she alleged she disputed two of the procedures. After a hearing, the magistrate reduced the amount owed by $178 for one of the dental fillings Davisson questioned.  The magistrate entered judgment for "1391.00 + late charges from 1/19/11 at 18% per annum & post judgt. at 18% per annum." No objections to the magistrate's decision were filed.

{¶2}   The trial judge rejected the magistrate's decision in part, ordered a copy of the transcript of the proceedings and took the matter under review. The court subsequently adopted in part and rejected in part the magistrate's decision.  The court adopted the judgment amount of $1391, but rejected the assessment of the 18 percent interest. The decision stated that the judge had reviewed the transcript and the law and concluded that the plaintiff was "not entitled to prejudgment and post-judgment interest at 18% per annum. The Plaintiff sued on an account, not breach of contract claim. The financial agreement was permissive and not mandatory. The Plaintiff did not include the interest in billing. The Plaintiff has been made whole by

the judgment." The trial court then entered judgment for Solomon for "$1391.00 plus judgment interest and cost [sic]." Solomon now appeals the trial court's rejection of the part of the magistrate's decision awarding him 18 percent interest.

{¶3}   Solomon's assignment of error alleges that the trial court erred when it rejected the magistrate's decision in part on the grounds that the written financial responsibility agreement executed by the Davisson was not a contract, that Solomon was not entitled to contractual late fees, and that the late-fee provision was permissive and not mandatory.  We agree.

{¶4}   The trial judge found that Solomon was not entitled to prejudgment and post-judgment interest at 18 percent per annum. R.C. 1343.03(A) permits parties to agree to a contractual rate of interest. It provides that:

> when money becomes due and payable upon any bond, bill, note, or **other instrument of writing, upon any book account** * * * the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, **unless a written contract provides a different rate of interest in relation to the money that becomes due and payable in which case the creditor is entitled to interest at the rate provided in that contract**.

 (Emphasis added.)

{¶5}   The trial court found that Solomon sued on an account. "An open book account is a detailed statement that constitutes the principal record of the transactions between the creditor and debtor * * * [t]he statement details the debits and credits in connection with the debtor/creditor relationship." *Cusano v. Klein*, 264 F.3d 936, 942 (9th Cir.2001); *Minster Farmers Coop. Exchange Co., Inc. v.*

3

*Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, ¶ 16. An invoice or account statement unilaterally stating interest terms does not meet R.C. 1343.03's requirement of a written contract. *Minster* at ¶ 28. In order for a written contract to exist for purposes of R.C. 1343.03(A), there must be a writing to which both parties have assented. *Id.* at ¶ 27. The trial court was presented with plaintiff's exhibit A, which is a copy of Davisson's "Patient History Report." It details her account reflecting Solomon's charges and payments made by Davisson and her insurance company. The trial court was also presented with plaintiff's exhibit D, which is a "Financial Responsibility Agreement."

### *Prejudgment Interest*

{¶6} The "Financial Responsibility Agreement" is a document that, according to the transcript of proceedings, Solomon's patients were asked to read and sign. In this agreement, Davisson states that she is financially responsible for any and all treatment, that all fees are due and payable at the time services are rendered, and that a late charge of 1.5 percent (18 percent APR) may be added to her account after 60 days. The agreement is a written contract which evinces that both parties agreed that Davisson would be obligated to pay for the dental treatment she received and late charges after 60 days. "[A] judgment creditor is entitled to a contractual interest rate instead of the statutory rate when (1) the parties have a written contract, and (2) that contract provides a rate of interest with respect to money that becomes due and payable." *Hobart Bros. Co. v. Welding Supply Serv., Inc.*, 21 Ohio App.3d 142, 144, 486 N.E.2d 1229 (10th Dist.1985). The fact that the agreement stated that a late charge "may" be added to the account after 60 days gave Solomon the discretion to add a late charge. The language of the agreement was not permissive as to whether Davisson had to pay the late charge, if assessed.

4

{¶7}   A trial court does not have discretion under R.C. 1343.03(A) in awarding prejudgment interest once a party has been granted judgment on an underlying contract claim. Rather, the party is entitled to prejudgment interest as a matter of law. *Dayton Sec. v. Avuto*, 105 Ohio App.3d 559, 566, 664 N.E.2d 954 (1995); *Cafaro Northwest v. White*, 124 Ohio App.2d 605, 707 N.E.2d 4 (1997); *Dwyer Elec. Inc. v. Confederated Builders., Inc.,* 3d Dist. Crawford No. 3-98-18, 1998 WL 767442 (Oct. 29, 1998); *see Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St.3d 110, 652 N.E.2d 687 (1995) (holding that a similar statute, R.C. 2743.18(A), entitled parties to prejudgment interest against the state). The trial court rendered judgment for Solomon on the underlying contract for dental services, but did not award him interest at the rate provided in the contract. Pursuant to R.C.1374.03(A), we hold that Solomon was entitled to interest at the 18 percent rate.

### *When Prejudgment Interest Became Due and Payable*

{¶8}   While the right to prejudgment interest on a contract claim is a matter of law, the amount awarded is based on the court's factual determination of when the money "became due and payable." *Fabrizi Trucking and Paving Co., Inc. v. City of Cleveland*, 2017-Ohio-531, 85 N.E.3d 279, ¶ 37 (8th Dist.); *Johncol, Inc. v. Cardinal Concession Services, L.L.C.*, 10th Dist. Franklin No. 17AP-337, 2017-Ohio-9031; *Royal Elec.* at 115; *Dwyer Elec.* The record before us indicates that the magistrate determined that interest should begin to run from "1/19/11." Neither party objected to the magistrate's decision even though the date was more than five years before the contract was signed.

{¶9}   Civ.R. 53(D)(4)(c) states that "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." *Yantek v. Coach*

*Builders Ltd., Inc.*, 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126 (the scope of the trial court's review depends on whether a party has filed objections).

{¶10} The magistrate's decision consisted of one line and assessed late charges from January 11, **2011**. The contract was signed on January 24, **2016,** and the dental services were provided on January 25, 27, and 28 of **2016**.

{¶11} "Even when no objections are filed, a judge has a duty to review a magistrate's decision before adopting it." *In re Weingart*, 8th Dist. Cuyahoga No. 79489, 2002 WL 68204 (Jan. 17, 2002), citing *Miele v. Ribovich*, 90 Ohio St.3d 439, 739 N.E.2d 333 (2000). We find that the trial court did not perform the necessary review of the magistrate's decision for "defects evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

### Conclusion

{¶12} Accordingly, we sustain Solomon's assignment of error, and reverse the trial court's determination that Solomon was not entitled to prejudgment and post-judgment interest. As neither party appealed the amount of the underlying judgment of $1391, we remand the cause to the trial court to determine the date when the money owed Solomon became due and payable and to calculate the judgment for Solomon using the contractual rate of interest.

Judgment reversed in part and cause remanded.

**MOCK, P.J.** and **MILLER, J.,** concur.

Please note:

This court has recorded its own entry on the date of the release of this opinion.