**WIDDER & WIDDER, Appellee,**

**v.**

**KUTNICK, Appellant.**

[Cite as *Widder & Widder v. Kutnick* (1996), 113 Ohio App.3d 616.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69945.

Decided Aug. 19, 1996.

618

*Burt Fulton* and *M. Terence Cawley*, for appellee.

*John A. Hallbauer* and *Brian J. Green*, for appellant.

---

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant, Diane Kutnick, appeals the decision of the Shaker Heights Municipal Court dismissing the within action for lack of a party defendant, thereby disposing of Kutnick's counterclaim against plaintiff-appellee, Widder & Widder ("Widder"). The relevant facts are as follows:

On March 21, 1995, Widder, a law firm, filed an action on an account against Kutnick seeking $5,400 for legal services performed on her behalf. On March 29, 1995, attorney Nellie Johnson was appointed guardian of the estate of Kutnick. In response to this information, on April 11, 1995, Widder amended its complaint as a matter of course, naming Johnson as a new party defendant. Although Kutnick was not formally dismissed from the action, Widder did not name her as a party in the caption of the amended complaint or refer to her as a defendant in the body of the complaint.

On April 18, 1995, Kutnick filed a motion to dismiss wherein she asserted that the probate court had exclusive subject matter jurisdiction over Widder's claim. On May 9, 1995, the court denied Kutnick's motion as moot. The court's journal entry explains the court's reasoning as follows:

"Former defendant, Diane Kutnick's motion to dismiss is denied as moot. Diane Kutnick no longer has standing to file pleadings in this action as she is no longer a party thereto."

Apparently, the court determined that Widder's amended complaint had the effect of substituting Johnson for Kutnick and that, as a result, Kutnick was no longer a party to the action.

Sometime later, Kutnick was found to no longer be in need of a guardianship over her estate, and the services of Johnson, as such, were terminated. As Johnson had not yet filed an answer to Widder's complaint, on June 22, 1995, Kutnick and Widder stipulated to a leave to plead giving Kutnick until July 24, 1995 in which to answer, move or otherwise plead to the complaint. The trial court did not journalize the stipulation for leave to plead.

Kutnick filed her answer and asserted a counterclaim against Widder. *Sua sponte,* the trial court ordered Kutnick's answer and counterclaim stricken. Referring to its earlier ruling, the court entered the following order:

"Based upon this court's ruling of May 9, 1995 Diane Kutnick is no longer a party to this action. Accordingly, the answer and counterclaim of Diane Kutnick filed July 27, 1995, is stricken."

In response to the court's ruling, Kutnick moved to have the record reflect her as a party defendant and to certify the case to the court of common pleas. Again, the trial court denied these motions on the basis that Kutnick was no longer a party and therefore lacked standing to assert them. Kutnick then moved to intervene and/or be substituted as a party defendant for Johnson. On October 18, 1995, the trial court *sua sponte* dismissed the entire action for lack of a party defendant and contemporaneously rendered these motions moot.[1] The court's journal entry provides as follows:

"This court has received undisputed notice that defendant Nellie Johnson's guardianship of the estate of Diane Kutnick has terminated. As defendant was named at all times relevant to this lawsuit only in her capacity as guardian and not in her capacity as an individual, the court finds that the named defendant no longer exists and, therefore, there is not a viable defendant before the court.

"As a result, this case is dismissed other than on the merits, at plaintiff's costs.

"As this case is dismissed, all other pleadings or motions before the court not heretofore ruled upon are rendered moot."

Kutnick now appeals this decision, asserting the following as errors for our review:

"I. The trial court erred in striking appellant's answer and counterclaim.

---

1. Widder has subsequently refiled an identical action naming Kutnick as defendant.

"II. The trial court erred in failing to recognize appellant as a party at all times, there never being either a dismissal of her as a party or a substitution of another for her.

"III. The trial court erred in denying appellant's request to 'intervene.'

"IV. The trial court erred in failing to certify the proceedings to the court of common pleas.

"V. The trial court erred in dismissing the entire action."

I

■ Before addressing the merits of Kutnick's assigned errors, it is necessary to consider Widder's contention that the order appealed from is not a final appealable order. Specifically, Widder contends that since the judgment appealed from was otherwise than on the merits, the order was neither final nor appealable and, therefore, this appeal should be dismissed. For the reasons that follow, Widder's argument is without merit.

R.C. 2505.02 provides:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment * * * is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial."

■ A "substantial right" has been defined as a legal right which is recognized, enforced and protected by law. *Union Camp Corp. v. Whitman* (1978), 54 Ohio St.2d 159, 161, 8 O.O.3d 155, 156–157, 375 N.E.2d 417, 419; *State v. Chalender* (1994), 99 Ohio App.3d 4, 6, 649 N.E.2d 1254, 1255. Moreover, an order which deprives a party of a remedy which he or she otherwise would possess affects a substantial right. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 183–184; *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94–95, 540 N.E.2d 1381, 1383–1384.

It does not follow, as Widder asserts, that merely because the order of dismissal was otherwise than on the merits, there has been no determination of the action and, therefore, no final appealable order. To the contrary, it is sufficient that the order so appealed affects a substantial right and prevents a judgment.

In this case, Widder was seeking to recover attorney fees allegedly due and owing from Kutnick. Kutnick, in turn, sought to counterclaim against Widder based on allegations that Widder breached its fiduciary duty while providing legal services to Kutnick. As a result of the dismissal of Widder's complaint, Kutnick is arguably precluded from pursuing her claims against Widder by operation of the applicable statute of limitations. See R.C. 2305.11(A). Therefore, the

dismissal order affected a substantial right, thereby determining the action and preventing a judgment.

■ Furthermore, Kutnick appeals the denial of her motion to intervene as a party defendant. The denial of a motion to intervene has been held to be a final appealable order. *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 830, 591 N.E.2d 1312, 1313–1314.

Accordingly, Widder's argument that the order appealed from is not a final appealable order is without merit.

## II

### A

Kutnick briefed Assignments of Error I, II and III together rather than individually as required by App.R. 16(A), and this court will, therefore, review them in that context. In addition, Kutnick's fifth assignment of error is related to the issues raised by these assignments of error and will be discussed in conjunction with them.

Desirous of preserving her counterclaim, Kutnick contends that it was error for the trial court to fail to recognize her as a party defendant following the filing of the amended complaint. Specifically, Kutnick contends that the amended complaint added Johnson, the guardian of her estate, as a new party defendant and not as a substitute for her. She argues that she remained a party throughout the action and, therefore, the trial court erred in striking her answer and counterclaim and ultimately dismissing the entire action for lack of a party defendant. Alternatively, Kutnick argues that even if the amended complaint effectively substituted Johnson as the defendant and she were no longer a party, the trial court erred in not allowing her to intervene upon termination of the guardianship over her estate. Widder offers no argument in opposition.

■ In reviewing questions of law, an appellate court may properly substitute its judgment for that of the trial court since an important function of the appellate court is to resolve disputed propositions of law. *Arnold v. Am. Natl. Red Cross* (1994), 93 Ohio App.3d 564, 575, 639 N.E.2d 484, 491.

Civ.R. 15 governs amended and supplemental pleadings. In general, an amended complaint is designed to include matters which occurred before the filing of the complaint but were either overlooked or not known at the time. Civ.R. 15(A); *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 519, 620 N.E.2d 152, 156. Pleadings so amended substitute for or replace the original pleading. *Id.* See, also, *Abram & Tracy, Inc. v. Smith* (1993), 88 Ohio App.3d 253, 263, 623 N.E.2d 704, 710–711; *Bell v. Coen* (1975), 48 Ohio App.2d 325, 329, 2 O.O.3d 308,

310–311, 357 N.E.2d 392, 395–396; *Miller v. Risman* (1964), 2 Ohio App.2d 306, 309–310, 31 O.O.2d 354, 355–356, 213 N.E.2d 185, 187–188.

A supplemental pleading, on the other hand, addresses matters subsequently occurring but pertaining to the original complaint. Civ.R. 15(E); *Mork v. Waltco Truck Equip. Co.* (1990), 70 Ohio App.3d 458, 461, 591 N.E.2d 379, 381–382; *Developers Three v. Nationwide Ins. Co.* (1990), 64 Ohio App.3d 794, 803, 582 N.E.2d 1130, 1136–1137. Moreover, a supplemental pleading is a mere addition to, or continuation of, the original pleading. Staff Notes, Civ.R. 15(E).

In this case, Johnson's appointment as guardian of the estate of Kutnick was an event that occurred subsequent to the filing of the original complaint. Widder attempted to amend its complaint to reflect this course of events and add Johnson as a party, continuing to make the same allegations and seeking the same relief as in their original complaint. Consequently, the amended complaint is more appropriately termed a supplemental pleading because it includes matters which pertain to, but occurred after, the filing of the original complaint.

■ Construing Widder's amended pleading as a supplemental pleading requires compliance with Civ.R. 15(E).

Civ.R. 15(E) provides:

"*Upon motion of a party* the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have since the date of the pleading sought to be supplemented. * * *" (Emphasis added.)

It is clear that a supplemental pleading is to be served only with leave of court. This Widder did not do. A supplemental complaint filed without leave of court is not properly before the court and should be ignored. *Rayl v. E. Ohio Gas Co.* (1975), 46 Ohio App.2d 175, 179, 75 O.O.2d 306, 308, 348 N.E.2d 390, 393. Therefore, it was error for the court to consider Widder's miscaptioned amended complaint naming Johnson as a party.

Consequently, the only complaint properly before the court is the original complaint naming Kutnick as a party defendant. By Widder's failure to move for leave, Kutnick at all times remained the sole party, and it was error to strike her answer and counterclaim and ultimately dismiss Widder's complaint for lack of a party defendant.

Accordingly, Kutnick's first, second and fifth assignments of error are sustained.

## B

While we are not required to address Kutnick's third assignment of error because of our disposition of her first, second and fifth assignments of error, in the interest of justice, this assigned error will be discussed. See App.R. 12(A)(1)(c).

Kutnick alternatively argues that if she were not considered a party as a result of Widder's amended complaint, then she should have been able to intervene pursuant to Civ.R. 24(A). As above, Widder offers no argument in opposition.

■ In reviewing an order that, in effect, denies a motion to intervene, the proper standard of review is whether the trial court abused its discretion. *Fairview Gen. Hosp. v. Fletcher, supra,* 69 Ohio App.3d at 830, 591 N.E.2d at 1313–1314. Abuse of discretion implies that the court's decision was unreasonable or arbitrary. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142.

Civ.R. 24(A) provides:

"Upon timely application anyone shall be permitted to intervene in an action:

" * * *

"(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

■ In order for a person to be entitled to intervene as a matter of right, the application must be timely and the following must be demonstrated:

1. That the intervenor claims an interest relating to the property or transaction which is the subject of the action;

2. That the intervenor is so situated that the disposition of the action may as a practical matter impair or impede his or her ability to protect that interest; and

3. That the existing parties do not adequately represent his or her interest. *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 352, 29 OBR 479, 481, 505 N.E.2d 1010, 1013.

■ The concept of timeliness has two aspects: timeliness with regard to the statute of limitations and timeliness in the context of the trial proceedings. *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 157, 14 O.O.3d 125, 126–127, 396 N.E.2d 491, 493–494.

With regard to the statute of limitations, the general rule is that a person may not be brought in as a party plaintiff or defendant where the cause of action as to that party is barred by the statute of limitations. *Id.* Within the context of the trial proceedings, the basis of the right to intervene is balanced against trial convenience and potential prejudice to the rights of the original parties. That is, the court may give greater consideration to possible prejudice to the intervenor in protecting his or her interest if intervention is not granted. *Id.* at 158–159, 14 O.O.3d at 127–128, 396 N.E.2d at 494–495.

 In this case, Widder's complaint against Johnson was for payment on an account for services rendered on behalf of Kutnick. Widder's cause of action was, therefore, governed by the six-year statute of limitations pursuant to R.C. 2305.07. *Snider v. Rollins* (1921), 102 Ohio St. 372, 131 N.E. 733. Since Kutnick was attempting to intervene within this time period, her motion to intervene was timely with respect to the statute of limitations.

Widder has not stated, nor can this court determine, how it would be prejudiced by the intervention of Kutnick. Moreover, a trial date had yet to be scheduled. On the other hand, Kutnick's right to assert her counterclaim was compromised when intervention was denied. With no inconvenience to the trial court noted and potential prejudice to Kutnick having been demonstrated, Kutnick's motion to intervene, within the context of trial proceedings, was timely.

Considering the remaining factors, Kutnick likewise satisfies the requirements essential to intervene as a matter of right. Widder allegedly provided services directly to Kutnick prior to the imposition of guardianship over her estate. Thus, it would be from Kutnick's estate that Widder would seek recovery. Kutnick's interest, therefore, is directly related to the subject of the action between Widder and Johnson. Furthermore, by dismissing Widder's complaint, Kutnick would be precluded from pursuing her claims against Widder and, thus, her ability to protect her interests was impaired. Lastly, when Johnson's services as guardian of her estate were terminated and the court determined that Johnson was no longer a party, there was no existing party remaining to represent Kutnick's interest.

Therefore, the trial court's order effectively denying Kutnick the right to intervene was unreasonable and amounted to an abuse of discretion.

Accordingly, Kutnick's third assignment of error is sustained.

### III

Despite Kutnick's contention that Assignments of Error IV and V are being briefed together, Kutnick's arguments in this section relate solely to her fourth assignment of error and will, therefore, be discussed as argued.

■ Kutnick contends that, assuming she remained a party throughout the action, it was error for the trial court to fail to certify this action to the court of common pleas where the amount prayed for in her counterclaim exceeded the jurisdiction of the municipal court. Widder, on the other hand, contends that Kutnick was attempting to "forum shop" and, therefore, the trial court did not err in failing to so certify. Alternatively, Widder asserts that prior to certification, Widder should be given the opportunity to conduct discovery in order to investigate the validity of Kutnick's counterclaim.

R.C. 1901.17 governs the monetary jurisdiction of the municipal court and provides:

"A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party * * * does not exceed $10,000.00."

When a counterclaim is asserted exceeding the monetary jurisdiction of the municipal court, certification to the court of common pleas is mandatory. Civ.R. 13(J); R.C. 1901.22.

■ However, certification is not automatic. The counterclaim must, on its face, set forth a short and plain statement that the counterclaimant is entitled to relief. Merely making a demand for judgment in excess of the municipal court's jurisdiction is insufficient. *Hersch v. Debreczeni* (1973), 33 Ohio App.2d 235, 237–239, 62 O.O.2d 349, 350–352, 294 N.E.2d 918, 920–921. See, also, *Lewallen v. Mentor Lagoons, Inc.* (1993), 85 Ohio App.3d 91, 95, 619 N.E.2d 98, 100–101; *Gravill v. Parkhurst* (1985), 27 Ohio App.3d 100, 103–104, 27 OBR 121, 123–125, 499 N.E.2d 913, 916–918.

In this case, Kutnick's counterclaim alleges that Widder breached its fiduciary duties during the course of providing legal services on her behalf. Specifically, she alleges that Widder released confidential information that was used against her when Widder sought, and later obtained, guardianship over her estate. Kutnick sought compensatory and punitive damages in excess of the monetary jurisdiction of the municipal court.

Unlike the counterclaimant in *Lewallen, supra,* Kutnick coherently alleged facts sufficient to state a basis for a claim against Widder. She did not merely make an unsubstantiated demand for judgment in order to defeat the jurisdiction of the municipal court. As Kutnick's counterclaim contains a short and plain statement sufficient to show that she is entitled to relief, it was error for the trial court to fail to consider Kutnick's motion to certify. On remand, the trial court is instructed to certify this case to common pleas court.

Accordingly, Kutnick's fourth assignment of error is sustained.

The judgment of the trial court is reversed, and the cause is remanded.

*Judgment accordingly.*

HARPER, P.J., and MATIA, J., concur.