JOURNAL ENTRY AND OPINION
In this consolidated appeal, Robert Ribovich ("appellant") appeals decisions entered in two related cases heard in Cuyahoga County Common Pleas Court. In Cuyahoga App. No. 76137, appellant challenges the summary judgment entered in favor of defendants-appellees Miele Bros. Enterprises Inc., Dominic Miele and Aniello Miele ("Miele defendants") in Cuyahoga County Common Pleas Case No. 369248. In Cuyahoga App. No. 76182, appellant challenges the decision of the trial court which denied his motion to intervene in Cuyahoga County Common Pleas Case No. 371677, styled PaulZimmer v. Aniello Miele, et al.
The records reveal the following facts giving rise to this consolidated appeal. DeRose Elkins Auto Sales, Inc., a non-party to either action, became the lessee of real property owned by the Miele defendants pursuant to a five-year lease agreement of November 30, 1996 extending to November 30, 2001. William DeRose and David Elkins, as officers of the company, were signatories on the lease agreement. In 1998, Robert Ribovich, asserting that he was nominated to act as assignee for DeRose 
Elkins, as both employee and shareholder, attempted to negotiate the purchase of this commercial property. In June 1998, Ribovich tendered an offer to purchase the building to the Mieles which was not accepted by them. Discussions regarding the terms of a potential contract were had between the parties. On September 2, Paul Zimmer indicated to the Mieles his intention to purchase the building. Ribovich was informed by Aniello Miele that the Zimmer transaction would consummate on September 11, 1998. Ribovich, asserting that he had been told that if he tendered the down payment money to the Mieles before 5 p.m. that day he would successfully purchase the property, appeared at Miele's place of business at 4:50 p.m. with a check for the down payment and a contract for the purchase of the building. However, the Mieles were gone for the day and did not execute an agreement with Ribovich at that time. A contract for the sale of the property was executed between Paul Zimmer and the Mieles on that day, September 11, 1998.
On November 5, 1998, Ribovich filed a complaint in Cuyahoga County Common Pleas Court, Case No. 369248, styled RobertRibovich v. Miele Bros. Enterprises Inc., Dominic Miele andAniello Miele, requesting specific performance and contract damages for the breach of the contract to purchase the property. In his pleadings, Ribovich asserted that a land contract for sale of the property to him was evidenced by the notations and writing and that his securing a mortgage on his house to provide the down payment constituted evidence of partial performance on the contract. On December 16, the Miele defendants jointly moved for dismissal of the complaint for Ribovich's failure to attach a copy of the land contract as required by Civ.R. 10 (D) without which they claimed that the action is barred by both the statute of frauds and statute of conveyances.
On December 10, 1998, Paul Zimmer filed Case No. 371677, styledPaul Zimrner v. Aniello Miele et al., in which Zimmer requested specific performance based upon the September 1998 contract for the sale or, in the alternative, contract damages. He alleged that the Mieles failed to provide him with the deed to the subject property. On December 28, the trial court issued a Temporary Restraining Order to prevent the Miele defendants from transferring the property to anyone but Zimmer during the pendency of the action. On January 5, 1999, Ribovich, claiming an interest in the property, sought to intervene and requested the court to consolidate Case No. 371677 with Case No. 369248.
On January 7, 1999, in Case No. 369248 the trial court, after converting the motion to dismiss to a motion for summary judgment, entered a temporary restraining order in which it ordered that no disposition of the subject property shall occur until after February 10, 1999, to allow for the supplemental briefing period of the pending motion. On January 25, 1999, in Case No. 369248, Ribovich moved the court pursuant to Civ.R. 19 (A) to join DeRose and Elkins Inc. as party plaintiff claiming that as the holder of the lease agreement which created the option to purchase and as the assignor of the option to purchase, it has an interest to the subject of the action. Then, on February 5, in Case No. 369248, Ribovich moved the court to consolidate the matter with Case No. 371677.
On February 16, in Case No. 369248, the court denied appellant's motion to join DeRose and Elkins Inc. as party plaintiff; denied appellant's motion to consolidate the case; and granted defendant's motion for summary judgment finding that if there is any alleged oral agreement it is barred by the statute of frauds," and further finding "any acts undertaken by plaintiff are insufficient to remove any oral agreement from the statute of frauds." Ribovich timely appeals this judgment in Cuyahoga App. No. 76137.
In Case No. 371677, on February 25, 1999, the trial court denied Ribovich's motion to consolidate the cases finding that the motion was rendered moot by the dismissal entered in Case No. 369248 and denied his motion to intervene. In Cuyahoga App. No. 76182, Ribovich timely appealed the trial court's denial of his motion to intervene.
On August 31, 1999, this court sua sponte consolidated Ribovich's appeals and subsequently denied his request to reconsider the consolidation of his appeals. In these consolidated appeals appellant advances two assignments of error which state:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE THERE ARE GENUINE ISSUES OF MATERIAL FACTS TO BE SUBMITTED TO THE JURY TO SHOW THAT:
 A. THERE IS WRITING TO SATISFY THE STATUTE OF FRAUDS.
 B. AS A MATTER OF LAW APPELLANT SUFFERED DETRIMENTAL RELIANCE SUFFICIENT TO OVERCOME THE STATUTE OF FRAUDS.
 C. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO JOIN A PARTY PLAINTIFF
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DENYING APPELLANTS' [sic] MOTION TO INTERVENE.
In his first assignment of error, appellant complains that the trial court erred in granting summary judgment to the Miele defendants in Case No. 369248 claiming genuine issues of fact as to whether sufficient writing exists to satisfy the statute of frauds or, in the alternative, whether he suffered sufficient detrimental reliance to overcome the statute of frauds. Moreover, appellant argues that the trial court erred when it denied his motion to join DeRose and Elkins, Inc. as a party plaintiff to the action.
The record demonstrates that appellant, in his complaint, asserted that a land contract for the sale of the property was entered into by the parties on or about January 31, 1998. However, no contract was attached to the complaint as required by Civ.R. 10 (D). Appellees moved to dismiss the complaint on the basis that without a written contract appellant's claims are barred by the Statute of Frauds, R.C. 1335.05 and the Statute of Conveyances, R.C. 5301.01. The motion was converted to a motion for summary judgment.
This court reviews the lower court's grant of summary judgmentde novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. We apply the same test as a trial court, which test is set forth in Civ.R. 56 (C) and specifically provides that before summary judgment may be granted it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327.
It is well-settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317. 330, 91 L.Ed.2d 265, 106 S.Ct. 2548; Dresher v. Burt (1996),75 Ohio St.3d 280, 293. However, once the moving party has satisfied this burden, the non-moving party has the burden to set forth specific facts showing there is an issue for trial. Dresher, supra. In accordance with Civ.R. 56 (E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial." Chaney v. Clark Cty. Agricultural Soc. (1993),90 Ohio App.3d 421, 424, 629 N.E.2d 513. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Dresher, supra; Celotex, supra at 322. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359,604 N.E.2d 138.
In Ohio, the Statute of Frauds is embodied in R.C. Chapter 1335. R.C. 1335.05 states that:
 "No action shall be brought whereby to charge * * * a person * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
R.C. 1335.05 clearly requires that "no action shall be brought" regarding an "interest in or concerning" land unless the agreement upon which the action is based is in writing and signed by the defendant. See Marion Prod. Credit Assn. v. Cochran
(1988), 40 Ohio St.3d 265, 273. Ed Schory Sons, Inc. et al. v.Francis et al. (1996), 75 Ohio St.3d 433.
The record demonstrates that no written agreement signed by the parties containing an agreement to sell the property to appellant exists. The record not only demonstrates that no written agreement exists, but further reveals that there was no meeting of the minds regarding the terms of the proposed transaction. Therefore, reasonable minds cannot conclude that even a non-written agreement for the purchase of the property existed.
However, appellant argues that his "partial performance" evidences an agreement between the parties and removes appellees' asserted Statute of Frauds defense. Appellant, in reliance on the terms of a lease between DeRose and Elkins Inc., a non-party to the action, and the Miele defendants, alleges that sufficient part performance has been performed to remove the lease from Ohio's statute of conveyances under the doctrine of Delfino v.Paul Davies Chevrolet, Inc,. (1965), 2 Ohio St.2d 282, paragraph four of the syllabus.
This issue has been analyzed by the First District Court of Appeals in Loveland Properties v. Ten Jays, Inc. (1988), 57 Ohio App.3d 79. In Loveland, the successor to a party in the lease attempted to avoid the lease by claiming that the lease was defectively executed. The court ruled that although the lease was defectively executed, it was still valid because of part performance by the parties to the lease.
Part performance of an agreement defectively executed under the Statute of Conveyances removes that agreement from the operation of the statute when four factors are present: (1) unequivocal acts by the party relying on the agreement (appellant in this case); (2) the acts are exclusively referable to the agreement; (3) the acts change the party's position to his detriment; and (4) the acts make it impossible to place the parties in statusquo. Id. at 82-83.
In Hughes v. Oberholtzer (1954), 162 Ohio St. 330, the Ohio Supreme Court held that oral contracts may be removed from the operation of the Statute of Frauds by partial performance, "based upon acts of the parties which are such that it is clearly evident that such acts would not have been done in the absence of a contract and that there is no other explanation for the performance of such acts except a contract containing the provisions contended for by the plaintiff." Id. at 338. Moreover, in the particular lease situation involved in Delifino, the court also said that even possession and payment of rent were not enough to invoke the doctrine. Id. at 289. Thus, a party seeking to establish part performance must demonstrate that he has performed acts in exclusive reliance on the oral contract, and that such acts have changed his position to his prejudice. Geigerv. Geiger (Nov. 16, 1993), Montgomery App. No. 13841, unreported. Generally, in cases involving real estate contracts, courts require acts such as possession, payment of consideration, and improvements on the land in order to find part performance of the contract.
However, preparation for performance of a contract is not sufficient to constitute "partial performance." "Thus, negotiations and other preparatory acts which are preliminary, preparatory, or ancillary to the making of the contract are insufficient as acts of part performance under the statute. So acts of preparing conveyances, ordering and preparing abstracts of title, surveying the land, and other similar acts contemplating the making of an agreement do not qualify as acts of part performance for the purpose of taking a contract to give a mortgage out of the statute." 51 O.Jur.3d (1984); 318 Statute of Frauds, Section 169.
In this case, appellant claims the acts which removed this matter from the Statute of Frauds or the Statute of Conveyances consist of his: obtaining a mortgage on his house; devoting time to the acquisition; paying a real estate agent to negotiate a payment schedule; entering into another business agreement; obtaining a commitment for title insurance; and, paying an attorney to prepare a purchase contract. The performance in the present case did not involve possession, improvements to the land, or any other actions referable to the contract.
When we review each of these acts as performed by appellant, it can only be said that the acts were done in "preparation of performance of an agreement." The record demonstrates that appellant himself admitted in his brief in opposition to the motion to dismiss that the expenses he incurred were in "anticipation of his purchase of the property." None of these acts can be deemed to be "unequivocal acts" and "exclusively referable" to the alleged agreement. The undisputed facts in the present case reveal that Ribovich did not take possession of the property in question, did not pay any consideration for said property and did not make any improvements to the property. As a result, even if the evidence is construed in Ribovich's favor, the doctrine of partial performance does not rescue the alleged agreement from the Statute of Frauds or the Statute of Conveyances. Thus, we find appellant's claims are barred by the Statute of Frauds and the Statute of Conveyances. The trial court properly granted summary judgment in favor of appellees on his contract claims against them.
Appellant next complains that the trial court erred in denying his motion made pursuant to Civ.R. 19 (A) to join as party plaintiff DeRose and Elkins Inc. Specifically, appellant contends that because it is the holder of a lease agreement with appellees and is the assignor of an option to purchase to appellant, it was a necessary party having an interest in the action.
 Civ.R. 19 (A) provides: (A) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12 (B) (7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12 (G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas.
The non-joinder of a necessary party is a defense which if not asserted is subject to waiver. In this case, Ribovich as plaintiff, asserted that the non-party, DeRose and Elkins Inc., nominated him as their assignee to exercise the option to purchase the property as set forth in Article 5 of their lease agreement with the Miele defendants. However, the record demonstrates that no document purporting to be an assignment of the option to purchase the property was before the court and no verified copy of the purported lease agreement was before the court. Consequently, no evidence was before the court which demonstrated that DeRose and Elkins had an interest in the matter. Under the circumstances of this case, we find no error in the trial court's denial of appellant's motion for joinder.
Finally, appellant complains that the trial court erred when it failed to grant his motion to intervene as a matter of right pursuant to Civ.R. 24 (A) (2) in Cuyahoga County Common Pleas Case No. 371677, Paul Zimmer v. Aniello Miele, et al. Appellant further argues on appeal that the court erred in finding his motion to be "moot." The record demonstrates that the trial court denied his motion to intervene but did find his motion to consolidate the cases moot pursuant to Loc.R. 15 (H).
Civ.R. 24 (A) provides:
 [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
The statute does not grant an unconditional right to intervene; thus appellant must show his motion was timely and "* * * (1) that he claims an interest relating to the property or transaction which is the subject of the action; (2) that he is [so] situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest; and (3) that the existing parties do not adequately represent his interest. * * *" Blackburn v. Hamoudi (1986),29 Ohio App.3d 350, 352. All these conditions must be established to find a right to intervene. The burden of proof is upon the applicant, and the trial court's ruling will not be reversed absent an abuse of discretion. Id. at 352. In reviewing the trial court's denial of a motion to intervene, the proper standard of review is whether the trial court's action constituted an abuse of discretion. Young v. Eqtzitec Real Estate Inv. Fund (1995),100 Ohio App.3d 136, 138, 652 N.E.2d 235; Widder and Widder v.Kutnick (1996), 113 Ohio App.3d 616, 624, 681 N.E.2d 977. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219;Castlebrook, Ltd. v. Dayton Properties, Ltd. (1992), 78 Ohio App.3d 340,346.
First, there must be a timely application. Second, the applicant must have a protectable interest relating to the property or transaction which is the subject matter of the action. Third, the applicant must be in a position such that the disposition of the action may, as a practical matter, impair or impede his interest and, finally, the interest must be inadequately represented by the existing parties to the suit. The failure by a prospective intervenor to satisfy any one of the elements in Civ.R. 24 (A) will result in the denial of the right to intervene. Fairview General Hosp. v. Fletcher (1990), 69 Ohio App.3d 827,831.
Appellant asserted that the two cases in this consolidated appeal involved common questions of law and fact on claims against the same defendants. The record demonstrates that Case No. 369248 was dismissed on grant of summary judgment in favor of the same defendants on February 16, 1999 because appellant failed to demonstrate an interest in the property pursuant to the statute of frauds and the statute of conveyances and he failed to demonstrate that partial performance of an asserted contract removed the matter from the statutes. Thus, res judicata would act to bar relitigation of appellant's claims in Case No. 371677. Therefore, appellant was unable to demonstrate that he had an interest relating to the property. Accordingly, we find no abuse of the trial court's discretion in its denial of appellant's motion to intervene.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J. and ROCCO, J., CONCUR.
 _____________________________ TIMOTHY E. McMONAGLE JUDGE