JOURNAL ENTRY and OPINION
Proposed intervenors Stanley Sheffield, Louis Colatuono, Phillip Tolaro, Herman Hobbs, Ann Mangnan (Krueger), Loraine Davis, Eli Cotofan, and Cornelia Cotofan appeal from a trial court order denying their motion to intervene in Consolidated Case Nos. 343,022 and 388,505. While their brief does not set forth a separate statement of the assignments of error presented for review, see App.R. 16(A)(3), the table of contents lists the assignments of error as follows:
 ASSIGNMENT OF ERROR NUMBER ONE THE COMMENCEMENT OF A CLASS ACTION IN AN OHIO COURT IS ON BEHALF OF THE ENTIRE CLASS, AND OPERATES TO STOP THE RUNNING OF THE APPLICABLE STATUTE OF LIMITATIONS FOR ALL OTHER CLASS MEMBERS UNTIL SUCH TIME AS THE COURT ISSUES AN ORDER STATING THAT THE ACTION IS NOT PERMITTED TO PROCEED AS A CLASS ACTION.
 ASSIGNMENT OF ERROR NUMBER TWO A CLASS ACTION IS COMMENCED UPON THE FILING OF THE COMPLAINT, AS LONG A SERVICE IS MADE UPON THE NAMED DEFENDANTS WITHIN ONE YEAR THEREAFTER.
 ASSIGNMENT OF ERROR NUMBER THREE WHERE A PLAINTIFF FAILS OTHERWISE THAN ON THE MERITS AND THE MATTER IS DISMISSED AFTER THE EXPIRATION OF THE STATUTE OF LIMITATIONS, THE PLAINTIFF IS PERMITTED TO FILE A NEW ACTION WITHIN ONE YEAR AFTER SUCH FAILURE IS JOURNALIZED BY THE COURT.
These assignments of error all pertain to just one of several grounds upon which the court may have denied appellants' motion to intervene — specifically, the timeliness of appellants' motion. We find the trial court did not abuse its discretion by denying appellants' motion to intervene on other grounds and accordingly overrule each of the assignments.
 FACTUAL AND PROCEDURAL HISTORY
These consolidated cases arise out of a fire at the Kings Path Condominium Complex in North Olmsted, Ohio on July 30, 1997. At least twenty[1] separate suits relating to this fire were brought against various defendants and were consolidated in the common pleas court.
Plaintiffs in one of the consolidated cases, Mundell v. Landstyles, Case No. 388,505, filed their complaint on July 29, 1999, asserting claims "on behalf of themselves and all other Kings Path Condominium unit owners and/or occupiers." They moved for class certification on January 19, 2000. On June 19, 2000, appellants moved to intervene as plaintiffs in the Mundell action, anticipating a court order denying the motion for class certification. The court denied the motion for class certification on October 10, 2000.[2] Appellants sought leave to supplement their motion to intervene on October 24, 2000. The court denied the motion to intervene, without opinion, on November 3, 2000.
 LAW AND ANALYSIS
A court order denying a motion to intervene is a final, appealable order. Jamestown Village Condominium Owner's Assn. v. Market Media Research, Inc. (1994), 96 Ohio App.3d 678, 694; Likover v. Cleveland (1978), 60 Ohio App.2d 154, 155. We review an order denying a motion to intervene for abuse of discretion. Widder Widder v. Kutnick (1996),113 Ohio App.3d 616, 624.
In order for a person to be entitled to intervene as of right under Civ.R. 24(A), the proposed intervenor must demonstrate: (1) the application is timely; (2) the proposed intervenor claims an interest in the property or transaction that is the subject of the suit; (3) the proposed intervenor is so situated that disposition of the action may, as a practical matter, impair or impede his or her ability to protect that interest; and (4) the existing parties do not adequately protect that interest. Widder Widder, 113 Ohio App.3d at 624.
All three of appellants' assignments of error focus on the first element, timeliness. However, even if we agreed that the motion to intervene was timely, we would still conclude the trial court did not abuse its discretion by denying appellants' motion to intervene because the proposed intervenors did not prove all of the other elements needed to demonstrate a right to intervene. The motion claimed the proposed intervenors all owned units in the condominium complex that were damaged by the fire. This fact alone does not demonstrate that the disposition of this action would impair or impede the intervenors' ability to protect any interest they might have in the subject of this suit. Appellants had the right to file their own independent complaint for the damages they suffered as a result of the fire.[3] Appellants could not be bound by a finding in the defendants' favor in the Mundell case or in any other suit to which they were not a party, although collateral estoppel might operate to their benefit if there is a factual finding against the defendants.
Accordingly, the trial court did not abuse its discretion by denying appellants' motion to intervene as of right. Nor did the court abuse its discretion by denying appellants' motion for permissive intervention under Civ.R. 24(B). Even if there might be some common factual and legal issues, the potential confusion involved in the litigation of differing claims and damages suffered by each plaintiff would militate against the intervention of multiple plaintiffs. We therefore overrule each of appellants' assignments of error and affirm the trial court's judgment.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and JAMES J. SWEENEY, J. CONCUR.
[1] The actual number of consolidated cases is in doubt. Appellees aver that approximately thirty-one separate suits have been brought concerning this fire and that they were all consolidated.The docket in the lead case, Cuyahoga County Common Pleas Case No. 343,022, shows that only nine other cases were consolidated with it, but twenty-two cases were listed on the notice of appeal here. One of the consolidated cases listed on the docket in Case No. 343,022 is not listed on the notice of appeal.
Two of the cases listed on the notice of appeal are not related to this litigation and were included in error: Mary Miller v. Premier Restaurant Mgmt. Co., Cuyahoga County Common Pleas Case No. 357,032, and Sonjia Cleveland v. Roland Carter, Cuyahoga County Common Pleas Case No. 389,968. The dockets in ten others indicate that they were consolidated with Case No. 343,022, even though there is no correlative entry in Case No. 343,022. One of the cases listed in the notice of appeal is not included in the record, Case No. 388,503; it also is not listed on the docket of Case No. 343,022, so it is unclear whether that case was actually consolidated with the others. Nor is it clear whether there may be other cases relating to this fire whose dockets also reflect that they are consolidated with Case No. 343,022 although there is no correlative entry in the lead case.
[2] The ruling on the motion for class certification is the subject of a separate appeal, Cuyahoga App. No. 78829, now pending before this court. It appears this appeal would be rendered moot if the motion for class certification should have been granted. Neither appellants nor appellees have addressed this issue.
[3] Appellants' argument that they are not barred by the statute of limitations actually places them in a Catch-22" situation. If their claims are not barred by the statute of limitations, their motion to intervene may be timely, but they cannot show that they have an interest in the case which would be impaired if they are not allowed to intervene. However, if they claim they cannot file a separate suit because it would be barred by the statute of limitations, they cannot argue that their motion here is timely.