JOURNAL ENTRY AND OPINION.
 I. {¶ 1} This court must determine whether the common pleas court abused its discretion in granting appellee John McCaffrey's motion for substitution and denying appellant Catherine Brady's motion to intervene in a suit against Roseann and William Benzing, among others. For the reasons set forth below, we hold that the court did not abuse its discretion and we affirm.
 II. {¶ 2} Catherine, acting on behalf of her mother Nora T. Brady, originally brought the underlying suit. She accuses her sister and brother-in-law (the Benzings) of wrongfully converting part of Nora's investment account. At the time this suit was brought, the probate court had declared Nora incompetent and had appointed Nora's son Edward as guardian of her person and John McCaffrey as guardian of her estate. These two guardians, under R.C. 1337.09(C), revoked Catherine's power of attorney.[1] McCaffrey then moved the court to substitute him for Catherine as the proper plaintiff. Catherine responded with a motion to intervene. The trial court granted McCaffrey's motion and denied Catherine's. Catherine appeals both orders.
 III. {¶ 3} Assignment of Error No. I: "The trial court erred and abused its discretion when it denied appellant's motion to intervene under Civ.R. 24(A)(2)."
 {¶ 4} Catherine argues that the court abused its discretion in denying her motion to intervene because she has an intentional tort claim against her sister and brother-in-law for interference with her (Catherine's) expected inheritance. Therefore, according to Catherine, she must be allowed back into the lawsuit to protect her interest. She also argues that she is acting in her mother's best interest by seeking to protect her mother's estate.
 {¶ 5} We review the court's denial of Catherine's request to intervene under an abuse of discretion standard. Grogan v. T.W. GroganCo. (2001), 143 Ohio App.3d 548. Further, to intervene, an intervenor must show that (1) the application is timely; (2) the intervenor claims an interest relating to the property or transaction which is the subject of the action; (3) the intervenor is so situated that the disposition of the action may as a practical matter impair or impede his or her ability to protect that interest; and (4) the existing parties do not adequately represent his interest. Id. See, also, Widder Widder v. Kutnick
(1996), 113 Ohio App.3d 616, 624. Therefore, we must decide whether the trial court abused its discretion in denying Catherine's motion to intervene; i.e., whether the trial court abused its discretion in finding that Catherine failed to meet the above four prongs.
 {¶ 6} Because Catherine has not shown that McCaffrey does not adequately represent her interest, we hold that the trial court did not abuse its discretion in denying her motion to intervene. McCaffrey has taken over the case that Catherine herself started. Further, McCaffrey is prosecuting the action to recover the money allegedly stolen from Nora's investment account. McCaffrey, as the court-appointed guardian of Nora's estate, has a fiduciary duty to protect the assets of that estate. Therefore, although McCaffrey's motivation is distinct from that of Catherine (who seeks to protect her potential inheritance), the goal of the lawsuit is the same: to recover Nora's money. McCaffrey's fiduciary duty to protect Nora's estate is wholly consistent with Catherine's purported interest in protecting her potential inheritance. She has failed to show that McCaffrey's representation would harm her interest.
 {¶ 7} Therefore, assuming but not deciding that Catherine has met the first three prongs of the above test, she has failed to show that McCaffrey does not adequately represent her interest. He is in fact representing exactly her interest. This assignment is not well taken.
 IV. {¶ 8} Assignment of Error No. II: "The trial court erred and abused its discretion when it substituted the guardian of the estate pursuant to Civ.R. 35(B) where the probate court was without jurisdiction in said appointment."
 A. {¶ 9} Catherine argues that the court should not have substituted McCaffrey for her because her power of attorney survived the guardians' revocation of that power even though Nora had been declared incompetent. She points to R.C. 1337.09(A), which states:
 {¶ 10} "Whenever a principal designates another as attorney in fact by a power of attorney in writing and the writing contains the words `This power of attorney shall not be affected by disability of the principal,' * * * or words of similar import, the authority of the attorney in fact is exercisable by the attorney in fact as provided in the written instrument notwithstanding the later * * * adjudged incompetency of the principal * * *."
 {¶ 11} As McCaffrey points out, however, the same statute contemplates the effect of a later-appointed guardian. In such a situation, "the attorney in fact, during the continuance of the appointment [of the guardian], shall account to the guardian rather than the principal." R.C. 1337.09(C). Further, "[t]he guardian has the same power the principal would have had if not incompetent, to revoke all orany part of the power and authority of the attorney in fact." Id. (Emphasis added.)
 {¶ 12} Here, McCaffrey (and Nora's personal guardian Edward) did revoke the power of attorney. Catherine's status as attorney-in-fact did not exist when the trial court considered the two motions at issue. The trial court therefore properly substituted McCaffrey for Catherine as the true party plaintiff. See, e.g., Kovacs v. Aetna Life Ins. Co. (Apr. 21, 1994), Cuyahoga App. No. 65295.
 B. {¶ 13} As part of this assignment, Catherine argues that the probate court's appointment of McCaffrey in the first place was improper (because the probate court never had jurisdiction over the issue). In other words, while appealing the common pleas court's orders, Catherine asks this court to consider as well the probate court's decision to appoint McCaffrey guardian of Nora's estate.
 {¶ 14} This issue, however, is not before us. "This court has previously held that we are without jurisdiction to review a judgment or order which is not designated in the appellant's notice of appeal." Parksv. Baltimore O. Railroad (1991), 77 Ohio App.3d 426, 428 (citations omitted). Here, Catherine's notice of appeal specified that she was appealing "the final two judgments entered on September 16, 2002" by the common pleas court. She is not here appealing the probate court's appointment of McCaffrey as guardian. Therefore, we will not consider whether the probate court acted properly in appointing McCaffrey as guardian of Nora's estate. Catherine abandoned her appeal relative to the probate court.
 V. {¶ 15} We hold that the trial court did not abuse its discretion in granting McCaffrey's motion for substitution nor in denying Catherine's motion to intervene. We therefore affirm.
TIMOTHY E. McMONAGLE, J., and SEAN C. GALLAGHER, J., CONCUR.
[1] The power of attorney was held jointly by Catherine and her sister Helene. The parties argue whether Catherine had authority, without Helene's consent, to bring this suit on behalf of Nora. We need not, however, reach this issue to resolve the questions presented.