OPINION *Page 2 
{¶ 1} Steven Pleasant appeals from the judgment of the Dayton Municipal Court in favor of University Ortho and Sports Medicine Center (hereinafter "University") in the amount of Two-Thousand, One-Hundred Twenty-Two Dollars ($2,122.00).
 {¶ 2} This matter began in September 2005 when University filed its complaint alleging Pleasant owed it $2,172 on account. Attached to the complaint was an exhibit stating Pleasant underwent a medical procedure to repair a ruptured biceps/triceps on September 27, 2003, and owed University Two-Thousand, Three-Hundred Twenty-Two Dollars ($2,322.00), and Pleasant was billed on five previous dates for the outstanding balance. The exhibit reflected a Forty-Nine Dollar ($49.00) credit.
 {¶ 3} Pleasant was properly served, and moved to dismiss University's complaint contending that he could not pay the outstanding debt to the plaintiff because he was not employed full time. He stated he had paid several partial payments of Twenty-Five Dollars ($25.00) to Doctors Credit, the collection agency hired by University to collect the debt.
 {¶ 4} On November 30, 2005, University moved for summary judgment. University attached the affidavit of Pam Kadrovach, who stated she is the custodian of the business records of University, and Pleasant presently had a balance due of Two-Thousand, One-Hundred Twenty-Two Dollars ($2,122.00) on his account, and that all payments tendered by Pleasant were credited to his account. On December 1, 2005, the trial court overruled the defendant's motion to dismiss.
 {¶ 5} On December 16, 2005, Pleasant filed a counterclaim against University and Doctors Credit, contending that University had entered into an implied contract with *Page 3 
him to accept monthly payments of Twenty-Five Dollars ($25.00) toward his outstanding indebtedness by accepting several monthly checks in that amount. Pleasant contended that University breached its contractual duty to him and also violated the Fair Credit Reporting Act. Pleasant sought statutory and punitive damages against University in the amount of Fifty Thousand Dollars ($50,000.00).
 {¶ 6} On December 16, 2005, Pleasant filed a new answer without leave of court asserting numerous defenses including the affirmative defenses of accord and satisfaction, waiver and estoppel, and failure to join a necessary party, namely, Doctors Credit. Pleasant then moved to join Doctors Credit as a party on the same day. University then answered the plaintiffs counterclaim and moved to strike the counterclaim regarding Doctors Credit as premature. On December 28, 2005, Pleasant filed a memorandum in opposition to University's motion for summary judgment.
 {¶ 7} On January 20, 2006, the trial court overruled University's motion to strike the defendant's counterclaim, but denied Pleasant's motion to join Doctors Credit as a party-defendant. On January 27, 2006, the trial court granted University summary judgment on its claim and set the matter for a damages hearing to permit Pleasant an opportunity to present evidence of his partial payments. On March 1, 2006, the trial court found that Pleasant failed to produce evidence of any of his alleged payments to University. The trial court then entered judgment in favor of University in the amount of $2,122.00.
 {¶ 8} In his first assignment, Pleasant contends the trial court erred in granting University summary judgment on its complaint. Pleasant asserts that he sent several payments totaling Two-Hundred Dollars ($200.00) to University's collection agent *Page 4 
between October, 2004 and September, 2005, and, therefore, the trial court erred in granting summary judgment in the amount of $2,122.00. Pleasant also argues that University's complaint failed to adequately qualify as an action on account. Pleasant did not move to dismiss the complaint on that basis, however. Pleasant moved to dismiss the complaint because he asserted he could not pay the amount claimed by University due to his financial situation. University provided an affidavit of its record's custodian indicating that Pleasant had made payments totaling $200.00 on the original balance of $2,322.00. Pleasant presented no affidavit or evidentiary material to refute the affidavit of the record's custodian. The trial court properly granted University summary judgment in the amount of $2,122.00. The first assignment is overruled.
 {¶ 9} In his second assignment, Pleasant contends that the trial court erred when it failed to find that a substituted contract existed between University and him when its agent, Doctors Credit, agreed to accept $25.00 a month to pay off the medical bill due University. University argues that it was not a party to any such agreement, but in any event it is not contractually bound to honor any such agreement because Pleasant provided no additional consideration for such agreement. It is fundamental that a promise to pay a debt for which the promisor is already legally bound does not constitute a consideration sufficient to support a new contract. Shannon v. Universal Mortgage DiscountCo. (1927), 116 Ohio St. 609, 622, 157 N.E. 478. The Appellant's second assignment of error is overruled.
 {¶ 10} Pleasant raises a threshold issue in his third assignment. He contends that the trial court erred when it did not certify the proceedings to the common pleas court because his counterclaim sought damages in excess of the municipal court's *Page 5 
jurisdiction. R.C. 1901.22(E) provides that in any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the common pleas court. See, also, Civ. R. 13(J).
 {¶ 11} Certification is not automatic. The counterclaim must, on its face, set forth a short plain statement that the counter-claimant is entitled to relief. Merely making a demand for judgment in excess of the municipal court's jurisdiction is not enough. Widder Widder v.Kutnock (1996), 113 Ohio App.3d 616, 626, 681 N.E.2d 977. The Civil Rules do not deprive the municipal court of the opportunity to inquire as to the validity of the counterclaim although the amount of damages alleged exceeds the court's jurisdiction. Toth v. Klein (1971),27 Ohio Misc. 37, 272 N.E.2d 215.
 {¶ 12} In his first claim for relief in his counterclaim, Pleasant contended that University breached an implied contract to accept monthly payments of $25.00 toward his indebtedness to it. This contention, however, is in the nature of a possible defense rather than an affirmative claim. Also, since Pleasant was under a pre-existing duty to pay the amount owed University, he was bound to allege some additional consideration to support a contractual obligation upon University's part. In his second claim for relief, Pleasant alleged University failed to report the debt allegedly owed to it was "disputed" to the credit bureau as required by the Fair Credit Reporting Act and that he was entitled to monetary damages. 15 U.S.C. § 1681s-2(a)(3) provides as follows:
 {¶ 13} "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice *Page 6 
that such information is disputed by the consumer."
 {¶ 14} In Frazier v. Washington Mut., Inc. (W.D.Tenn,2006),2006 WL 1579559, the court held that a consumer may not bring a private cause of action against a creditor under § 1681s-2(a). The court held as follows:
 {¶ 15} "While not explicitly stated, it appears from her complaint that the Plaintiff alleges that Washington Mutual violated § 1681s-2(a)(1) of the statute, which states in pertinent part that `[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.'15 U.S.C. § 1681s-2(a)(1)(A). Subsection (a)(2) requires a person who has furnished information which is not complete or accurate to a consumer reporting agency to promptly notify the agency of that determination and provide any correct information. 15 U.S.C. § 1681s-2(a)(2). Similarly,subsection (a)(3) instructs a person who has furnished information to aconsumer reporting agency to disclose whether the information isdisputed. 15 U.S.C. § 1681s-2(a)(3).
 {¶ 16} "However, there is no private right of action under subsection(a). Section 1681s-2(c)(1) plainly states that `sections 1681n and 1681o[, which create private rights of action,] do not apply to any violationof . . . subsection (a) of this section.'15 U.S.C. § 1681s-2(c)(1); see also Beattie v. Nations Credit Fin. Servs.Corp., No. 02-1744, 2003 WL 21480586, at *5 (4th Cir. May 27, 2003);Gibbs v. SLM Corp., 336 F.Supp.2d 1, 11 (D.Mass.2004); Zotta v.NationsCredit Fin. Servs. Corp., 297 F.Supp.2d 1196, 1204 n. 6 (E.D.Mo.2003); Stafford v. Cross Country Bank, 262 F.Supp.2d 776, 782-83
(W.D.Ky.2003); Carney v. Experian Info. Solutions, Inc.,57 F.Supp.2d 496, 502 (W.D.Tenn.1999). Furthermore, subsection (d) of *Page 7 15 U.S.C. § 1681s-2 limits enforcement of the provisions of § 1681s-2(a) exclusively to `Federal agencies and officials and . . . State officials . . .' 15 U.S.C. § 1681s-2(d); Gibbs, 336 F.Supp.2d at 11;Zotta, 297 F.Supp.2d at 1204 n. 6. As the Plaintiff cannot maintain an action under § 1681s-2(a), the Defendant's motion for summary judgment as to that claim is GRANTED."
 {¶ 17} We agree that Pleasant may not bring a private cause of action under § 1681s-2(a)(3). The court properly refused to certify the matter to the common pleas court. The third assignment of error is overruled.
 {¶ 18} The judgment of the trial court is affirmed.
 FAIN and DONOVAN, JJ., concur. *Page 1